UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAMARIS G.,

                              Plaintiff,

                                                            DECISION AND ORDER

                                                            20-CV-0725L

                    v.

ANDREW SAUL,

                              Defendant.
_____


        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security

("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the

Commissioner's final determination.

        On December 28, 2016, plaintiff, then thirty-five years old, filed an application for

supplemental security income benefits, alleging an inability to work since January 2, 2016.

(Administrative Transcript, Dkt. #4 at 15). Her application was initially denied. Plaintiff requested

a hearing, which was held on February 14, 2019 via videoconference before Administrative Law

Judge ("ALJ") John Loughlin. The ALJ issued a decision on March 15, 2019, concluding that

plaintiff was not disabled under the Social Security Act. (Dkt. #4 at 15-30). That decision became

the final decision of the Commissioner when the Appeals Council denied review on April 15, 2020.

(Dkt. #4 at 1-3). Plaintiff now appeals.

        The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c)

requesting remand for further administrative proceedings. (Dkt. #6). The Commissioner has cross

moved (Dkt. #7) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c), affirming the

Commissioner's decision. For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records reflecting treatment for, inter alia, rheumatoid arthritis, systemic lupus erythematosus (a chronic autoimmune disease associated with fatigue and joint pain), inflammatory polyarthropathy (progressive joint pain and inflammation), carpal tunnel syndrome, adjustment disorder with mixed anxiety and depressed mood, and obesity, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #4 at 17).

Applying the special technique for mental limitations, the ALJ determined that plaintiff has a moderate limitation in understanding, remembering and applying information, a moderate limitation in interacting with others, a moderate limitation in concentration, persistence and pace, and a moderate limitation in adapting and managing herself. (Dkt. #4 at 20-21). Upon consideration of the record, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work, with the ability to frequently handle, finger, push and pull with both upper extremities, and frequently push, pull and operate foot controls with both lower extremities. Plaintiff can frequently kneel, stoop, crouch, and crawl, and occasionally climb ramps,

stairs, ladders, ropes, and scaffolds. Plaintiff can occasionally be exposed to vibrations, unprotected heights, and moving machinery. She can understand and remember simple instructions, make simple work-related decisions, and carry out simple instructions. She can occasionally deal with changes in a routine work setting, and occasionally interact with the public. (Dkt. #4 at 22).

Given this RFC at the hearing, vocational expert Dian L. Haller testified that such an individual could not perform plaintiff's past relevant work as a commercial cleaner, as that position was performed at the "heavy" exertional level, but could instead perform the representative light positions of housekeeper, garment bagger, and assembler of electrical accessories. The ALJ accordingly found plaintiff not disabled. (Dkt. #4 at 29).

## I.     The ALJ's Evaluation of Medical Opinion Evidence

Initially, plaintiff objects to the ALJ's assessment of the medical opinion evidence. The only medical opinions of record were received from: (1) consultative psychologist Dr. Janine Ippolito, who examined plaintiff on February 17, 2017 and opined as to plaintiff's mental RFC, noting moderate stress-related limitations (Dkt. #4 at 398-402); (2) consulting internist Dr. Nikita Dave, who examined plaintiff on February 17, 2017 and opined as to plaintiff's physical RFC, finding moderate to marked limitations in gross motor manipulation and moderate limitations for exertional and postural activities due to arthritis (Dkt. #4 at 403-407); (3) reviewing physician Dr. M. Marks, who reviewed the record and rendered an opinion on March 9, 2017 describing no more than mild mental limitations; and (4) reviewing physician Dr. R. Mohanty, who reviewed the record and found on March 20, 2017 that plaintiff was limited to light work with occasional postural limitations (Dkt. #4 at 62-72).

The ALJ afforded "some" weight to the opinions of reviewing physicians Dr. Mohanty and Dr. Marks, noting their "program knowledge" and the consistency of their opinions with the medical record as a whole. The ALJ did not identify the weight, if any, given to the opinions of consulting sources Dr. Ippolito or Dr. Dave, and did not mention whether and to what extent any of the limitations they described were supported or contradicted by the record, except to make blanket statements to the effect that "the objective medical evidence does not provide a basis for finding limitations greater than those determined in this decision." (Dkt. #4 at 25).

In assessing the weight due to a medical opinion of record, an ALJ must consider: (1) the length, nature and extent of the treatment relationship, if any, and/or whether the opinion was based on an in-person examination; (2) the frequency of examination; (3) the evidence presented to support the physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. *See* 20 C.F.R. §404.1527(c). Further, the ALJ must explain the weight given to the medical opinions of record, "with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

Here, the ALJ did not explain the weight given to the opinions of Dr. Dave and/or Dr. Ippolito, or otherwise set forth his reasoning with respect to those aspects of their opinions he declined to credit in his RFC determination. As such, it is impossible for the Court to meaningfully assess whether the ALJ's analysis of those opinions was appropriate. *See Poole v. Commissioner*, 2020 U.S. Dist. LEXIS 148934 at *11-*12 (W.D.N.Y. 2020)(an ALJ's failure to clearly analyze or weigh medical opinions of record "prevents meaningful review," and necessitates remand); *Edwards v. Commissioner*, 2020 U.S. Dist. LEXIS 213609 at *10-*11 (W.D.N.Y. 2020)(ALJ's

failure to assign any weight to a medical opinion frustrates meaningful review, particularly where the ALJ's RFC finding omitted some of the opined limitations without explanation).

Nor can the error be said to be harmless, as the ALJ's RFC determination was not substantially consistent with Dr. Ippolito's and Dr. Dave's opinions, and the ALJ's reasoning in rejecting some of the limitations they described is not otherwise clear from his decision. *See generally Nolan v. Commissioner*, 2019 U.S. Dist. LEXIS 13209 at *10 (W.D.N.Y. 2019)(while an ALJ need not mention every bit of evidence presented to him, "failure to assign a specific weight to an opinion is only harmless where an ALJ's reasoning can be inferred from the decision").

For example, even though the ALJ found that plaintiff's severe impairments included multiple conditions associated with joint pain and inflammation (rheumatoid arthritis, lupus, inflammatory polyarthropathy, and carpal tunnel syndrome), the ALJ's RFC determination did not include, and thus implicitly rejected, the "moderate to marked" limitations in gross motor manipulation, and the "moderate" limitations in standing, walking, climbing, squatting and kneeling, that were indicated by Dr. Dave to account for plaintiff's arthritis. *See generally Merkley v. Commissioner*, 2017 U.S. Dist. LEXIS 167227 at *26 (N.D.N.Y. 2017)(remand is necessary where ALJ failed to state the weight given to medical opinions of record, particularly since a medical opinion contained a "marked" limitation for reaching, supported by objective findings of tenderness and reduced cervical range of motion, which the ALJ implicitly rejected by omitting it from his RFC determination). Similarly, it is unclear whether and to what extent the RFC finding was intended to account for the moderate limitations in handling stress that were opined by Dr. Ippolito, and if not, why not. *See e.g., McCann v. Commissioner*, 2020 U.S. Dist. LEXIS 6378 at *10-*11 (W.D.N.Y. 2020)(remanding for further proceedings where ALJ credited opinion that

claimant had moderate stress-related limitations, but failed to explicitly account for them in his RFC finding, and did not "make the requisite specific findings about the nature of [p]laintiff's stress, the circumstances that trigger it, and how those factors affect her ability to work").

In sum, because I find that the ALJ's RFC determination was not supported by substantial evidence, remand for further proceedings is necessary. Because I find that remand is otherwise warranted, I decline to reach the remainder of plaintiff's contentions. *See generally Siracuse v. Colvin*, 2016 U.S. Dist. LEXIS 34561 at *27 (W.D.N.Y. 2016).

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings remanding this matter (Dkt. #6) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #7) is denied, and the matter is remanded for further proceedings.

On remand, the ALJ is directed to render a new decision, which discusses and considers all of the evidence of record, including but not limited to the medical opinions rendered by consulting physicians. In so doing, the ALJ must set forth the weight given to each opinion, and the reasons therefor.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        April 15, 2021.